UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_TALLAHASSEE_____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

(AMENDED)

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
5-28-10      /   M.S.
DATE          I/MINT.
MAILROOM - ANNEX

MELVIN   SHERROD
Inmate # ___058920_____
(Enter full name of Plaintiff)


vs.                                    CASE NO: 4:10cv102-mpj
                                       WCS
                                       (To be assigned by Clerk)

1. DR. STANLEY DRATLER
   CHIEF MEDICAL EXAMINER
2. C. SIMCOX
   HEALTH CARE ADMINISTRATOR
3. NANI  JEFFCOAT - ASSISTANT DUTY WARDEN  OF OPERATION OF PROGRAMS
   (Enter name and title of each Defendant.
   If additional space is required, use the
   blank area below and directly to the right.)



### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I.   PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   Melvin Sherrod
Inmate Number        058920
Prison or Jail:      Taylor C.I. Annex
Mailing address:     8629 Hampton Springs
                     Road, Perry, Florida
                     32348

II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1)   Defendant's name:    Dr. Stanley Drodler
      Official position:   Chief Medical Examiner
      Employed at:         Taylor C.I. Main Unit
      Mailing address:     8515 Hampton Springs
                           Road, Perry, Florida 32348

(2)   Defendant's name:    C.   Simcox
      Official position:   Health Care Administrator
      Employed at:         Taylor C.I. Main Unit
      Mailing address:     8515 Hampton Springs
                           Road, Perry, Florida 32348

(3)   Defendant's name:    Noni  Jeffcoat
      Official position:   Assistant Duty Warden
      Employed at:         Taylor Correctional Institution
      Mailing address:     8501 Hampton Springs
                           Road, Perry, Florida 32348

ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.    PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                    No( )

1.   Parties to previous action:
     (a)   Plaintiff(s): Melvin Sherrod
     (b)   Defendant(s): Doctor Huyhai
2.   Name of judge: Roy Bean        Case #: 05-753CA
3.   County and judicial circuit: Taylor County Circuit Court
4.   Approximate filing date: 10-24-05
5.   If not still pending, date of dismissal: Unknown
6.   Reason for dismissal: Voluntarily Dismissed
7.   Facts and claims of case: Inadequate Medical Care Resolved without further recourse.

(Attach additional pages as necessary to list state court cases.)

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                    No( ✓ )

1.   Parties to previous action:
     a.   Plaintiff(s): None
     b.   Defendant(s): None
2.   District and judicial division: None
3.   Name of judge: None        Case #: None
4.   Approximate filing date: None
5.   If not still pending, date of dismissal: None
6.   Reason for dismissal: None

3

7.   Facts and claims of case: _____ None _____

_____

(Attach additional pages as necessary to list other federal court cases.)

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                    No( ✓ )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): _____ None _____
     b.   Defendant(s): _____ None _____
2.   District and judicial division: _____ None _____
3.   Name of judge: _____ None _____   Case #: _____ None _____
4.   Approximate filing date: _____ None _____
5.   If not still pending, date of dismissal: _____ None _____
6.   Reason for dismissal: _____ None _____
7.   Facts and claims of case: _____ None _____

_____

(Attach additional pages as necessary to list cases.)

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )                    No( ✓ )

1.   Parties to previous action:
     a.   Plaintiff(s): _____ None _____
     b.   Defendant(s): _____ None _____
2.   District and judicial division: _____ None _____
3.   Name of judge: _____ None _____   Case Docket # _____ None _____
4.   Approximate filing date: _____ None _____   Dismissal date: _____ None _____
5.   Reason for dismissal: _____ None _____

4

6.    Facts and claims of case: _____ None _____

(Attach additional pages as necessary to list cases.)

V.    STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  Do not make any legal arguments or cite to any cases or statutes.  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1. On October 9, 2009, Plaintiff attended the Medical Clinic in regard to plaintiff's 90 days medical prognosis due to plaintiff being terminally ill and an American with Disabilities.

2. On October 9, 2009, plaintiff was Seen by Dr. Dratler who failed in his professional Capacity to Conduct any type of physical examination.

3. Plaintiff brought to Dr. Dratler's attention that he needed his medical passes renewed, Such medical passes as: No Exposure to Chemicals, due to a longevity history of being diagnosed with Tuberculosis (TB); No Shave, that results from a Severe facial Skin disease that Causes Severe bleeding from the use of razors; No Bending, pushing, pulling, or Heavy lifting anything over 20 pounds that is due to chronic arthritis and deformed body parts Such as fingers, left knee, and degenerative arthritis of the lower back; a Low Bunk pass that is required due to the aforementioned medical conditions that negate plaintiff to perform to his Capabilities but was denied such renewal or reissuing of Said medical passes by Dr. Dratler who Clearly Stated: there is no documentation Contained in plaintiff's medical file that Supports such medical finding or warrants him to renew or reissue Such Medical passes and in fact he See no need that any inmate(s) Should be in possession of any type of medical passes.

4. Dr. Dratler's State of mind is evidenced by Dr. Dratler's

5A

bad motives and attitude that clearly shows deliberate indifference to a known risk that was displayed at the time plaintiff was seen by Dr. Dratler that is an Eighth Amendment violation to the United States Constitution.

5. Defendant Dr. Dratler is being sued in his individual and official capacities for his failure to correct a situation that not only pose substantial risks to plaintiff's health and safety but could also cause plaintiff to suffer irreparable future harm if plaintiff were to be asked by prison personnels to perform duties that plaintiff would not be capable of performing effectively due to plaintiff being an American with Disabilities a factor that Dr. Dratler should be well aware of.

6. On October 14, 2009, plaintiff filed an Informal Grievance with the Health Care Administrator Ms. Simcox in regard to Dratler's actions and unprofessionalism explaining to Ms. Simcox that plaintiff need extra medical care due to plaintiff being an American with Disabilities. dating as far back as 1997.

7. Ms. Simcox is the Health Care Administrator at Taylor Correctional Institution who is generally responsible for ensuring the provision of medical care to prisoners. Ms. Simcox should be held liable for her actions whereas Ms. Simcox action does amount to recklessness because it had been brought to Ms. Simcox's attention of an excessive known risk that could jeopardize plaintiff's health and safety but what resulted was a failure of Ms. Simcox to take the necessary and

appropriate action to remedy the situation of a known risk that could substantially affect plaintiff's health and safety both now and in the future and that Ms. Simcox failure to do anything about it does amount to deliberate indifference that warrants both an Eighth and Fourteenth Amendment violation to the United States Constitution.

Furthermore, as a result heretofore and based on belief and information, Ms. Simcox fail to adequately and appropriately investigate plaintiff's Complaint (Informal Grievance) but instead, relied on the credibility and assessment of Dr. Dratler where Ms. Simcox response to plaintiff's Complaint was:

A review of your Medical Chart reveals no documented medical proof for your need to be in possesion of such medical passes whereas, the medical passes plaintiff had been in possesion of, was prescribed by other doctors and recorded based on plaintiff's medical needs.

8. Ms. Simcox is being sued in her individual and official Capacities.

9. On or about September 24, 2009, plaintiff filed an Appeal Grievance with one of the Assistant Wardens Ms. Nan Jellcoat but to no avail and plaintiff alleges the following:

10. Defendant Nan Jeffcoat is the Assistant Duty Warden who oversees the operations of programs here at Taylor Correctional Institution and is in charge of the Supervision and discipline as well as having knowledge of the policies and provisions to enforce discipline of all Correctional Staff and other State hired or private Contract hired employees and that Ms. Jeffcoat's actions Should be held to that of recklessness and deliberately indifferent because it was brought to Ms. Jeffcoat's attention through an Appeal Grievance of the excessive risk to plaintiff's health and Safety that was filed by plaintiff around and about September 24, 2009, but Ms. Jeffcoat fail to do anything about the nature of plaintiff's problems Complained of of Dr. Dratler's actions.

11. The failure of Ms. Jeffcoat to take the necessary actions, discipline or otherwise to curb a Known risk to plaintiff's health and Safety that was in reference to inadequate medical Care of plaintiff's Conditions Constitutes deliberate indifference, and does Contributes to and proximately Cause the above described violation of Eighth Amendment rights.

12. Ms. Jeffcoat is being Sued in her individual and official Capacities for her failure to remedy the problem in regard to a Known risk.

7

1. The plaintiff alleges that as a result of all of the defendants actions, plaintiff has continuously been in great pains and have continued to suffer great pains due to being forced to have to shave with razors that causes severe facial irritations and bleeding is a wanton and willful inflictions of unnecessary pains.

2. The plaintiff alleges that him being forced to have to come in contact with bleach and other hazardous chemicals does contribute to plaintiff feeling weak, fatigue, nauseating and ill that stems from plaintiff having a longevity history of asthma, and wanton and willful pains of the chest, due to plaintiff experiencing cardio pulmonary disease stemming from a longevity period of having tuberculosis (hereinafter TB).

3. Plaintiff continue to experience excruciating pains of the lower back due to generative arthritis, and from having being forced to lift both heavy footlockers and double bunk beds that far exceed the weight of 20 pounds.

4. Plaintiff alleges that according to all of the aforementioned chronic illnesses, plaintiff is also unable to climb up and down top bunk beds and if forced to do so, could cause plaintiff permanent harm.

5. Finally, plaintiff alleges that all defendants have acted, and continue to act, under color of state law at all times relevant to this complaint. And based on information and beliefs, if the plaintiff is not promptly provided such medical passes that had been prescribed to plaintiff by other practitioners, plaintiff could risk irreparable and permanent disability.

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

1.) Defendant Dratler's actions in failing to provide adequate medical care for the plaintiff violates and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution. 2.) Defendant Simcox's actions in failing to properly investigate the plaintiff's health and safety to a known risk and sustaining the grievance, violated the plaintiff's rights and continue to violate plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Please See Continuation on page 9.B.

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Plaintiff requests that the Court grant the following: (A) Issue a declaratory judgment stating that: 1) Issue an injunction ordering defendants Dratler, Simcox, Jeffcoat or their agents to: 1) Immediately arrange for plaintiff to be reissued the necessary medical passes or, 2) Carry out without further delay the orders previously directed by other practitioners.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

__5/28/10__
(Date)

__Melvim Shennot__
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the __28__ day of __May__, 20 __10__.

__Melvim Shennot__
(Signature of Plaintiff)

Revised 03/07

9A

3. Defendant Jeffcoat's failure to take the appropriate action to curb the inadequate medical care regarding the plaintiff's health and safety violates, and continue to violate the plaintiff's rights under the Eighth Amendment to the United States Constitution as it constitute deliberate indifference under state law.